**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KEVIN HUTSON,

           Plaintiff,

vs.                                                                       Case No. 3:12-cv-25-J-JRK

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

           Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Kevin Hutson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges disability based upon a back condition that causes pain and prevents him from lifting, bending, stooping, and standing for prolonged periods of time. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed March 6, 2012, at 146. On January 23, 2009, Plaintiff filed applications for DIB and SSI, alleging an onset date of August 1, 2008. Tr. at 132-34, 135-36. At the time of the alleged onset date of disability, Plaintiff was forty seven (47) years old.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed March 22, 2012; Reference Order (Doc. No. 16), entered April 2, 2012.

Tr. at 47. Plaintiff's applications were denied initially, see Tr. at 35, 36, 54-56, 57-59, and were denied upon reconsideration, see Tr. at 37, 64-65.

On February 10, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 9-34. The ALJ issued a Decision on February 25, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 42-49. The appeals council then received additional evidence in the form of a representative brief. Tr. at 4-5, 187-89. On November 7, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 9, 2012, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one issue on appeal. See Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. No. 20; "Pl.'s Mem."), filed May 9, 2012. Plaintiff argues the ALJ erred at step two of the sequential evaluation process by not making specific enough findings relating to Plaintiff's severe impairments, and "as a direct result of his step 2 error," the ALJ failed to consider Plaintiff's impairments in combination at later steps of the process. Pl.'s Mem. at 1 (capitalization and emphasis omitted), see also id. at 9-14. On July 2, 2012, Defendant filed a memorandum responding to Plaintiff's argument. See Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem."). After a thorough review of the entire record and

consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.[3]

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform PRW; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 44-49. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since August 1, 2008, the alleged onset date." Tr. at 44 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: degenerative disc disease and carpal tunnel syndrome." Tr. at 44 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that

---

[3] Plaintiff has requested oral argument. See Pl.'s Mem. at 1. The Court finds oral argument to be unnecessary to decide the issue raised in Plaintiff's appeal.

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 44 (emphasis and citation omitted). The ALJ determined Plaintiff has the following RFC:

> [Plaintiff can] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that such work must require no more than occasional pushing, pulling, handling, or fingering; call for only occasional climbing, stooping, kneeling, crouching, or crawling; avoid concentrated exposure to environmental irritants; and allow [Plaintiff] to alternate sitting or standing at his workstation every half hour.

Tr. at 45. At step four, the ALJ found Plaintiff "is unable to perform any past relevant work . . . as an automobile body repairer." Tr. at 47 (emphasis and citation omitted). At step five, after considering Plaintiff's age, education, work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including "counter clerk" and "tanning salon attendant[.]" Tr. at 48 (emphasis and citations omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from August 1, 2008," the alleged onset date, "through the date of th[e D]ecision." Tr. at 48 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial

evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff claims the ALJ erred at step two of the sequential evaluation process by finding Plaintiff suffers from severe impairments of degenerative disc disease and carpal tunnel syndrome.  Pl.'s Mem. at 10-11.  Plaintiff contends that the ALJ should have made more specific findings of failed back syndrome, carpal tunnel syndrome and possible ulnar (nerve) compression, chronic pain, and a history of right knee surgery, all of which Plaintiff extracts from a report by examining physician Oscar B. Depaz, M.D. Id. at 11; see Tr. at 265 (findings of Dr. Depaz).  Plaintiff argues that as a result of the step two error, the ALJ erred at later steps of the sequential evaluation process by failing to consider Plaintiff's impairments in combination.  Pl.'s Mem. at 1, 11-14.

Defendant responds that the ALJ properly identified Plaintiff's severe impairments at step two. Def.'s Mem. at 6-11. Defendant also asserts that the ALJ properly considered the combined effect of Plaintiff's impairments at later steps of the process. Id. at 11-13.

Step two of the sequential evaluation process requires the ALJ to determine if a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. Further, "[t]he severe impairment either must have lasted or must be expected to last for at least 12 months." Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (unpublished) (citing Barnhart v. Walton, 535 U.S. 212, 216 (2002)).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141. The Code of Federal Regulations provides six examples of "basic work activities": (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and unusual

work situations; and (6) Dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b); see also Davis, 186 F. App'x at 966-67.

Here, at step two, the ALJ found Plaintiff has severe impairments of degenerative disc disease and carpal tunnel syndrome. Tr. at 44. Plaintiff contends that the step two findings are insufficient because they fail to account for the findings of Dr. Depaz. Pl.'s Mem. at 11. Dr. Depaz examined Plaintiff and authored a narrative report dated January 12, 2011. See Tr. at 262-65. In the "assessment" section of his narrative report, Dr. Depaz stated the following: (1) "Failed back syndrome"; (2) "Clinically presents with carpal tunnel syndrome and possible ulnar compression"; (3) Chronic pain"; and (4) "History of right knee surgery." Tr. at 265 (emphasis and capitalization omitted). Plaintiff argues that the ALJ's finding of degenerative disc disease "only describe[]s a general condition . . . like saying a person has a back problem. Failed back syndrome is a much more serious diagnos[i]s and hence a much more serious impairment." Pl.'s Mem. at 11. Plaintiff also states the ALJ "left out Plaintiff['s] . . . chronic pain." Id.

Dr. Depaz's observations in the assessment section of his report are different from the analysis conducted by the ALJ at step two of the sequential evaluation process regarding whether Plaintiff has a severe impairment. As an example, Dr. Depaz noting Plaintiff's history of a knee surgery in his assessment does not aid in the determination of whether the underlying knee problem (that could have been cured by the surgery) has any effect on the ability to perform basic work activities. Additionally, the alleged chronic pain noted by Dr. Depaz in his assessment most likely arises from Plaintiff's back and hand problems and should not be classified as its own impairment. See Hardenbrook v. Astrue,

No. 3:10-cv-648-J-32MCR, 2011 WL 4031098, at *4-5 (M.D. Fla. Aug. 3, 2011) (unpublished report and recommendation) (examining whether an allegation of chronic back pain should have been included as a severe impairment at step two and finding an underlying impairment was "most likely the cause or a main contributor to Plaintiff's chronic back pain" so it need not carry its own designation as a severe impairment), adopted, 2011 WL 4027738 (M.D. Fla. Sept. 12, 2011) (unpublished order).

The undersigned's above observations leave two likely discrepancies between the ALJ's severe impairment findings and Dr. Depaz's assessment: degenerative disc disease (ALJ) versus failed back syndrome (Dr. Depaz); and carpal tunnel syndrome (ALJ) versus carpal tunnel syndrome with possible ulnar nerve compression (Dr. Depaz). The undersigned need not determine whether these seemingly minor discrepancies amount to error because even if they do, any error would be harmless. "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (unpublished); see Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987) (recognizing that "the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is sufficient to satisfy step two). If an ALJ's finding that an impairment is not severe at step two is considered error, such error is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 903 (11th Cir. 2011) (unpublished); see Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether

severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

Here, it is abundantly clear that the ALJ considered Plaintiff's impairments in combination at later steps of the sequential evaluation process. After making the step two findings, the ALJ proceeded to the next steps of the sequential evaluation process by finding that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 44 (emphasis and citation omitted). Then, the ALJ noted that he carefully considered the "entire record" in determining Plaintiff's RFC at a later step in the sequential evaluation process. Tr. at 45 (emphasis omitted); see Burgin v. Comm'r of Soc. Sec., 420 F. App'x at 903; Heatly, 382 F. App'x at 825; see also Jones v. Dept. of Health & Human Servs., 941 F.2d 1529, 1533 (11th Cir. 1991) (recognizing that a simple expression that the ALJ considered a claimant's impairments in combination constitutes a sufficient statement of such findings).

Most importantly, in discussing the medical evidence, the ALJ specifically addressed the allegations of failed back syndrome, carpal tunnel syndrome, and possible ulnar nerve compression. With regard to the failed back syndrome, the ALJ referred to the opinion of Carl P. Eason, M.D., Plaintiff's treating physician, that Plaintiff's "back spasms were consistent with failed back syndrome." Tr. at 46 (referring to Tr. at 229-35). Dr. Depaz appears to have largely relied upon Dr. Eason's opinion in reaching his conclusions, evidenced by Dr. Depaz specifically noting he reviewed the notes of Dr. Eason regarding

the "'failed back syndrome.'" Tr. at 262. In addition, the ALJ discussed Dr. Depaz's examination findings regarding Plaintiff's back issues. Tr. at 46. As a result of the foregoing, the ALJ adequately addressed and discussed the allegation of failed back syndrome. The ALJ further noted that "Dr. Depaz assessed [Plaintiff] with carpal tunnel syndrome and possible ulnar nerve compression." Tr. at 46. The ALJ assigned "significant weight" to Dr. Depaz's opinion regarding Plaintiff's limitations. Tr. at 47. Because it is clear that the ALJ considered Plaintiff's impairments in combination, even if an error could be identified at step two, the error would be harmless.[5]

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 18, 2013.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

---

[5] The undersigned also notes that it is clear the ALJ considered Plaintiff's allegations of pain at later steps of the sequential evaluation process. See Tr. at 45-47.

kaw

Copies to:

Counsel of Record